The opinion of the Court was delivered by
O’Neall, J.
The presiding Judge reports, that the case proved on this trial-is the same as that formerly made, except that the ground relied on by the defendant was weakened by new evidence in reply. This is decisive of the questions now made, and which are embraced in the former opinion. But with a view of satisfying the learned counsel for the motion, that he has not been precluded from availing himself of a de-fence at law, which was there possible to have been made, I have looked into the notes of the evidence, and if any trust at all was proved, it is clearly not more than a resulting trust, from the investment of the funds of the defendant’s wife in the purchase of the negro woman Betty. Such a trust ’cannot be set up at law; it is a mere equity, which the cestui que trust may, in equity, set up, and have decreed; or claim on account of the fund invested, at her election. It is true, it is said by some of the witnesses, that G-uphill said he bought the negro for the defendant’s wife; and if that stood alone, and the cestui que trust had the possession, I should be inclined to say, that it would be a good legal defence to an action of'trover, at the *467 suit of tbe trustee; for in that ease tbe cestui que trust would bave tbe right of possession; and, that must defeat-an action of trover. But notwithstanding these declarations, it appears that tbe plaintiff’s testator took the title to tbe negro in bis own name, without any declaration of the trust. ■ This vested the legal estate and right of possession in him, and at law this cannot be defeated by a secret trust which results from the purchase being made with the funds or for the use of another. The whole evidence, therefore, which went to set up this secret, or resulting trust, was inadmissible at law, as contradicting a plain legal estate created by deed. Redwood vs. Reddick, 4 Mun. 222.
It has been contended on this occasion, that the bequest to the plaintiff for life, could not convey to her the 'trust estate which her testator had in the slaves. The bequest to her is general, of “ the use of all my slaves and all their future increase during her life.” This would not pas'’ to her. slaves which were held by him as a plain and direct trust for the use of another; for it would not be intended that the testator intended to give by a»general bequest, that in which he had nothing but 'the legal right of property, while the right of possession was in another. But it may well be doubted, whether property in which a resulting trust might or might not be set up at the election of the cestui que trust would not pass, subject to the equity, under such a general bequest. In this case however the inquiry is unimportant. The plaintiff is the only qualified executrix of her husband’s will; in that character the trust devolved upon her; she had the actual possession of the property, which went either tortiously or accidentally into the possession of the defendant. Upon her possession she could maintain trover without styling herself executrix; and before the defendant could have forced her to rely upon her right of property as executrix of William Guphill, he must have made out a primé facie case of a legal right of possession. This he *468 'failed to do; for bis rights (if he has any) are entirely equitable and not legal.
The motion for a new trial is dismissed.
Harper and Johnsoíj, JJ., concurred.

Motion dismissed.